IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Boston Division

RECEIPT # 55936
AMOUNT $ 150
SUMMONS ISSUED 1
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 5-17-04

JAMES F. POINTER
250 Manfield Avenue
Norton, MA 02766

   Plaintiff

vs.

NATIONAL RAILROAD
PASSENGER CORPORATION
253 Summer Street
Boston, MA 02210

   Defendant

JURY TRIAL DEMANDED

**04 - 10973 PBS**

NO.

MAGISTRATE JUDGE Dein

## CIVIL ACTION

1. The Plaintiff, James F. Pointer, is a competent adult individual residing at 250 Manfield Avenue, Norton, Massachusetts 02766.

2. The Defendant, National Railroad Passenger Corporation is a corporation organized and existing under the laws of the District of Columbia, doing business at and whose address for service of process is 253 Summer Street, Boston, Massachusetts 02210.

3. This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act (F.E.L.A.), 45 U.S.C. §§51-60; the Federal Safety Appliance Acts, 45 U.S.C.§§1-16; and the Boiler Inspection Acts, 45 U.S.C.§§22-34.

4. At all times material hereto, the Defendant, National Railroad Passenger Corporation, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Massachusetts, and other states of the United States.

5.  At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff was done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendant.

6.  At the time and place hereinafter mentioned, the Plaintiff was employed by Defendant railroad and was acting in the scope of his employment by Defendant and was engaged in the furtherance of interstate commerce within the meaning of the F.E.L.A.

7.  All the property, equipment and operations involved in this occurrence hereinafter referred to were owned and/or under the direct and exclusive control of the Defendant, its agents, servants, workmen and/or employees.

8.  The Plaintiff has been employed by the Defendant from 1972 through and including the present as a machinist, and, while working within the scope of his employment in and around South Station, Boston, Massachusetts, was exposed to occupational risk factors for carpal tunnel syndrome, including but not limited to repetition, force, vibration and awkward wrist posture.

9.  Plaintiff's injuries were caused in whole or in part by the negligence, carelessness and recklessness of the Defendant and its agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

   a)  failure to provide the plaintiff with a safe place to work as required by the Federal Employers' Liability Act, 45 U.S.C. §§51-60; the Federal Safety Appliance 45 U.S.C. §§1-16; and the Boiler Inspection Acts, 45 U.S.C. §§22-34.

  b)   failure to provide a timely and adequate ergonomic program designed to prevent occupational carpal tunnel syndrome;

  c)   failure to comply with safety and operating rules and regulations of the Defendant;

  d)   forcing the Plaintiff to work under hurried and/or awkward conditions;

  e)   negligence of the Defendant's agents, servants, workmen and/or employees; and

  f)   negligence at law; and

  g)   otherwise failing to exercise due and adequate care under the circumstances including, but not limited to, a lack of adequate manpower.

10.   The Defendant has a duty to provide a reasonably safe place to work. It had a non-delegable duty to insure that the Plaintiff had adequate qualified assistance to perform the functions of his work without unnecessary risk of injury or to himself. The Defendant has a duty to provide a sufficient number of employees to perform assigned work, and its failure to provide adequate assistance can be a breach of its duty to provide a safe place for the Plaintiff to work, and will entitle the Plaintiff to a recovery against the Defendant if any such failure was a cause, in whole or in part, of the injuries claimed by the Plaintiff.

11.   As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff suffered occupational carpal tunnel syndrome.

12.   The Plaintiff was diagnosed with occupational carpal tunnel syndrome.

13. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and occupations, all of which caused substantial financial loss and all of which may and probably will continue in the future.

14. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, including surgery, and has incurred reasonable and necessary medical expenses, all of which may and probably will continue in the future.

15. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, stress and a loss of enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

WHEREFORE, the Plaintiff demands judgment against the Defendant in an amount in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS, ($150,000.00).

HANNON & JOYCE

Dated: 5/13/04

BY: _____
THOMAS J. JOYCE, III, ESQUIRE
The Public Ledger Building - Suite 1000
150 S. Independence Mall West
Philadelphia, PA 19106
(888) 222-3352
Attorney for Plaintiff

LAWSON & WEITZEN, LLP

Dated: 5/13/04

_____
MICHAEL J. MCDEVITT, BBO #564720
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990
Local Counsel for Plaintiff