UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 JUN -7 P 2: 24
U.S. DISTRICT COURT
DISTRICT OF MASS.

JAMES F. POINTER,
    Plaintiff,

v.

NATIONAL RAILROAD PASSENGER CORPORATION
    Defendant

CIVIL ACTION NO.: 04-10973-PBS

## THE DEFENDANT, NATIONAL RAILROAD PASSENGER SERVICE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Now come the Defendant, National Railroad Passenger Corporation ("AMTRAK"), and in response to the plaintiff's Complaint, answer as follows:

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. The defendant neither admits nor denies, as Paragraph 10 contains conclusions of law to which no response is required. As to any factual allegations contained in Paragraph 10, such factual allegations are denied.

11. Denied.

1

12. Denied.

13. Denied.

14. Denied.

15. Denied.

WHEREFORE, the defendant, National Railroad Passenger Service, says that the plaintiff's Amended Complaint against it should be dismissed and that judgment enter for the defendant, National Railroad Passenger Service, together with their attorneys' fees, costs, expenses, interest and such other relief as this Honorable Court deems proper under the circumstances.

## FIRST AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, says that the acts complained of were not committed by a person for whose conduct the defendant was legally responsible.

## SECOND AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, says that if the plaintiff, James Pointer, proves that the defendant was negligent as alleged, the plaintiff was negligent to a greater degree than the defendant and is barred from recovery under the Comparative Negligence law of the Commonwealth of Massachusetts.

## THIRD AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, says that the complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, insofar as the plaintiff has failed to give notice of any claim as required by law and the defendant, Amtrak, was thereby prejudiced, wherefore the plaintiff is barred from recovery.

## FOURTH AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, says that the complaint should be dismissed pursuant to Rule 12(b)(5) for insufficient service of process.

## FIFTH AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, says that the complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, says that to the extent that it had any obligations to the plaintiff, such obligations have been fully, completely and properly performed in every respect.

### SEVENTH AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, says that the plaintiff's recovery, if any, is barred or limited according to the applicable case law, statutes, and regulations.

### EIGHTH AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, says that the plaintiff has failed to mitigate his damages, wherefore any damages awarded must be reduced by the degree of the failure to mitigate.

### NINTH AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, says that each plaintiff's recovery, if any, must be diminished in accordance with M.G.L. c. 231, §85 by the proportion of negligence which is attributable to the plaintiff.

### TENTH AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, says that any alleged negligence it may have committed, which it specifically denies, was superseded and/or replaced by the conduct of third persons over whom the defendant, Amtrak, exercised no responsibility or control.

### ELEVENTH AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, says the plaintiff, James Pointer, was guilty of a violation of law or job regulation which contributed to cause the injury or damage complained of.

### TWELFTH AFFIRMATIVE DEFENSE

And furthering answering, the defendant, AMTRAK, says that if it is found to be negligent, the plaintiff, James Pointer, was also negligent, wherefore any damages awarded must be reduced by the degree of his comparative negligence.

### THIRTEENTH AFFIRMATIVE DEFENSE

And furthering answering, the defendant, AMTRAK, says that the plaintiff's recovery, if any, is barred or limited according to the applicable case law, statutes, and regulations including but not limited to, 45 U.S.C. sec. 51 *et seq.* and/or 49 U.S.C. sec. 20101 *et seq.*

### FOURTEENTH AFFIRMATIVE DEFENSE

And furthering answering, the defendant, AMTRAK, says that the plaintiff, James Pointer, was not within the scope of his employment at the time of his alleged injuries and, therefore, recovery under the FELA is precluded.

### FIFTEENTH AFFIRMATIVE DEFENSE

And furthering answering, the defendant, AMTRAK, hereby pleads the defense of release to all of the plaintiff's claims alleged in his Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

And furthering answering, the defendant, AMTRAK, says that the plaintiff's alleged injuries and damages were caused, in whole or in part, by pre-existing conditions, or other contributory or concurrent conditions or factors including events occurring prior or subsequent to the occurrence made the basis of the plaintiff's claims against the defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

And furthering answering, the defendant, AMTRAK, says that the plaintiff's claims as alleged in his Complaint are barred by the applicable statutes of limitation. Accordingly, the defendant hereby pleads all applicable statutes of limitation as a complete bar to the entirety of the plaintiff's claim.

### EIGHTEENTH FIRST AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, hereby pleads any and all statutes of limitation created by the Regional Rail Reorganization Act, as amended, and believes and therefore avers that plaintiff's claims are barred by the specific statute of limitation as contained in and established by the Regional Rail Reorganization Act of 1973, as amended.

### NINETEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, pleads all provisions of the Regional Reorganization Act as a complete bar to the direct liability of this defendant.

4

## TWENTIETH AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, says that, while denying that the plaintiff sustained the damages as alleged, any damages the plaintiff may ultimately be entitled to recover from the defendant may or are possibly limited in scope by the provisions of the Federal Employers' Liability Act, and said recovery may be limited as to those damages specifically enunciated therein. Accordingly, in the event said act is applicable, all sections of plaintiff's complaint seeking damages other than those provided for in the Federal Employers' Liability Act fail to state a valid cause and/or causes of action upon which relief may be granted and should be dismissed. Alternatively, all said sections of plaintiff's Complaint should be stricken.

## JURY DEMAND

The defendant, National Railroad Passenger Service hereby requests a trial by jury.

The Defendant
National Railroad Passenger Service,
By its attorneys,

Michael B. Flynn, BBO #559023
Lori A. McCarthy, BBO #635525
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive
Suite 200
Quincy, MA 02169
(617) 723-5500

Dated: 6/4/04

G:\F & A\CASE FILES\AMTRAK\Occupational\POINTER\Pleadings\Amtrack Answer to Complaint.6.4.04.doc

### CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing pleading on all parties by hand/mail delivering same, to all counsel of record.
Signed under the pains and penalties of perjury.

DATED 6/4/04

5